UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILLENIUM COVE CONDOMINIUM
ASSOCIATION, INC.,

               Plaintiff,

v.                                                      Case No. 6:17-cv-1362-Orl-37GJK

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON; QBE SPECIALTY
INSURANCE COMPANY; and
STEADFAST INSURANCE COMPANY,

               Defendants.
_____

## ORDER

Today, as on nearly every day, the Court turns to address a new civil action that fails to allege sufficient facts to support subject matter jurisdiction.[1] In the desperate hope that perhaps—just perhaps—members of the Bar will read, mark, learn, inwardly digest,[2] and—most importantly—apply this fundamental principle to litigation in federal court, this reminder:

<u>**Federal courts are courts of limited jurisdiction**</u>**!**

As a consequence of this constitutional edict, subject matter jurisdiction must be properly alleged in every complaint and notice of removal filed in this Court. If it is not, then the Court must summarily dismiss, or remand the action to state court.

---

[1] In just the first seven months of 2017, the Bar's failure to meet this minimum jurisdictional pleading standard has required the Undersigned to dismiss, remand, or issue show cause orders in 43 civil actions.

[2] *See* BOOK OF COMMON PRAYER, Proper 28 (1662).

-1-

Diversity jurisdiction appears to create the biggest pleading challenge for the Bar. Time and again, counsel's submissions improperly allege an individual's residency instead of citizenship and an unincorporated business entity's (LLCs, e.g.) "principal place of business" instead of the identity and citizenship of every individual member. This failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue.[3]

This case is yet another example of counsel's failure to appreciate the fact that, in order to proceed in federal court, the litigant <u>must</u> establish subject matter jurisdiction by pleading facts that support it. In compliance with Rule 11 of the Federal Rules of Civil Procedure, if you are unsure about how to properly allege citizenship, do some basic research. Pending review of the applicable law, here are a few hints.

- ► DO NOT allege that you <u>do</u> <u>not</u> <u>know</u> the citizenship of a party.

- ► DO NOT allege the "residence" of a party—<u>citizenship</u> is what counts.

- ► DO NOT allege jurisdictional facts "on information and belief."

- ► DO know the differences between an incorporated entity and an LLC or a partnership for diversity purposes.

---

[3] The U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

> ► DO understand that until you have drilled down to a real person or incorporated entity and alleged their citizenship, you have not arrived.
>
> ► DO know what constitutes sufficient proof of the amount in controversy requirement.
>
> ► DO allege a basis of jurisdiction for every claim asserted—not just for the case as a whole.

Again, if you do not know or are unsure of the differences among business entities, or the proof required for the amount in controversy, or any other matter—<u>look</u> <u>it</u> <u>up</u> before filing a complaint or removing from state court. The classic errors in the Complaint filed in this action, which are highlighted below, provide a good start for counsel who <u>must</u> do better.

### LEGAL STANDARDS

Federal courts have the "power to decide only certain type of cases"—including cases brought based on diversity jurisdiction under 28 U.S.C. § 1332. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Federal courts also have the obligation, in every case, to "zealously insure that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). When subject matter jurisdiction is absent, courts "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When an action is brought under § 1332, the Court must be sure that the plaintiff has alleged that the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction" in every complaint). The citizenship of an incorporated business entity turns on the entity's State of

incorporation and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an "unincorporated business association or entity" depends on the citizenship of its individual members. *See Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013).

## DISCUSSION

Here, Plaintiff alleges that this Court has subject matter jurisdiction over its breach of insurance policy dispute "pursuant to 28 U.S.C. 1332" (Doc. 1, ¶ 3), but it has not provided any of the necessary factual allegations to support this statement. To the contrary, Plaintiff identified itself as a corporation, but failed to allege its state of incorporation or the state of its principal place of business. (*Id.* ¶ 1.) As to the three Defendants, Plaintiff alleges that they "consisted of one or more underwriters whose residence and citizenship are unknown to Plaintiff."4 (*Id.* ¶ 2.) Finally, Plaintiff's allegation concerning the amount in controversy is completely conclusory. (*Id.* ¶ 3.) Repleading is required to cure these deficiencies.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

(2) On or before **August 8, 2017**, Plaintiff may file an Amended Complaint that properly establishes the grounds for the Court's exercise of subject matter

---

4 Counsel would do well to review *Certain Underwriters at Lloyd's of London, UK v. Ocean Walk Resort Condominium Association, Inc.*, Case No. 6:16-cv-258-Orl-37GJK, 2017 WL 3034069 (M.D. Fla. July 18, 2017).

jurisdiction.

(3) Absent timely compliance with the requirements of this Order, this action will be **CLOSED** without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 1, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record